*TUSCARAWAS COUNTY--DECEMBER TERM,*
1816.

PRESENT—TAPPAN, *President;* DEARDORFF, CAPLES AND LAFFER, *Associates.*

## KELLER vs. MOSSER.

An entry on another's land by mistake, when no injury whatever has been done by it, will not support an action of trespass, *quare clausum fregit.*
A man is not liable for trespass, unless it is committed by himself or his orders.

TRESPASS, *quare clausum fregit,* &c.

PLEA.—Not guilty.

From the evidence, it appeared that the plaintiff and defendant owned adjoining cleared lands; that the plaintiff had a fence on the side of his improvement next to the defendant's land, which was built about six feet within his line; the six feet was fenced out for a lane; the defendant sent his workmen to build his fence on that side of his land; the workmen laid about fifty panels of fence, and raised it five rails high on the plaintiff's ground in the lane; when the defendant, on being told that the fence was on the plaintiff's ground, examined the marked trees, and finding that it was a little over the line, ordered it removed back on to his own ground. The plaintiff's wife forbid the workmen removing the fence. The fence was put up and removed the same day.

WRIGHT, for plaintiff.
HERRICK and CULBERTSON, for defendant.

PRESIDENT.—*Gentlemen of the Jury :* Every entry on the lands of another, without licence, is a trespass; for in contemplation of law, every man's land is enclosed to his own separate use, and subject to his exclusive dominion. Such is the general principle. In applying this general principle to a particular case, we must be careful not to carry it to absurd or unreasonable consequences : as if A's cattle travel over B's uninclosed forest lands, I should think that B could not maintain an action of trespass for breaking his close therefor; because

TUSCARAWAS. such lands are free commons throughout the country; and
December 1816 a legal presumption must not be permitted to outweigh
Keller, both truth and reason. Beside, the law supposes every
v.
Mosser. trespass to be wilful, to be with force. If then a case
should occur, in which a person had stepped on to his neighbor's
land by mistake, and, without doing any injury whatever, had walked
off on to his own land, reason and common sense would teach us that,
as here was no possible damage, that, therefore, the action of trespass
could not be supported.

Leaving out of consideration all those cases in which there is an
actual entry with force, or any injury sustained, whether the conse-
quence of inattention or mistake; I think that the law will not pre-
sume damages; and that the plaintiff's right to recover, cannot be
made out, without proof of an intentional occupancy of his land by
the defendant, and an actual entry thereon, for some purpose hostile to
that sole occupancy and exclusive dominion which the law gives him
over it, or an actual injury done by the defendant to his land or build-
ings.

In this case, if laying the fence could be considered sufficient to
support this action, the defendant does not appear to be liable, because
he did not direct his workmen to lay it on the plaintiff's land. To
charge *him*, the trespass must be committed by himself or by his order;
but, on the evidence, I am clearly of opinion, that no trespass has been
committed: this was a mere mistake of the defendant's workmen, recti-
fied as soon as discovered, without any damage done to the plaintiff,
and consequently without giving him any right of action against the
defendant.

Verdict—Not guilty.